IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD SCOTT ALLISON, :
        Plaintiff :
    v. : Case No. 3:24-cv-125-KAP
ABBIE TATE, WARDEN, BLAIR :
COUNTY PRISON, *et al.*, :
        Defendants :

<u>Memorandum Order</u>

    As explained below, plaintiff's motion for service at ECF no. 26 is denied.

    Plaintiff Howard Allison is an inmate in the custody of the Pennsylvania Department of Corrections after a 2008 conviction in the Blair County Court of Common Pleas. Allison filed a complaint alleging that in the Fall of 2023 he had a hearing in that court relating to that conviction, and he was confined in the Blair County Prison from October 18, 2023 to October 26, 2023. Allison alleges that he was kept in unconstitutionally unsanitary conditions, in part because the corrections staff and medical personnel became intensely hostile to Allison upon learning that his conviction was a sex offense. Allison sued the warden, Tate, the county's court administrator, Dunkle, and an indefinite number of unnamed defendants.

    The case has proceeded before me on consent. I dismissed the complaint as to Dunkle and ordered Allison to file an amended complaint. Allison did so at ECF no. 19, naming as defendants Tate, one John Doe corrections officer, and one Jane Doe medical care provider. Service proceeded as to Tate and, based on the directions for service, John Doe was identified as Alex Sollenberger. Tate and Sollenberger have filed a motion to dismiss, ECF no. 24, to which Allison has replied.

    Service has not been accomplished as to Jane Doe. Allison provided directions for service that provide a physical description and identify her as working on a particular day, but understandably no one has stepped forward to read the directions for service and say "that's me." Allison now files a motion for service at ECF no. 26, which since waiver of service has been attempted I construe to be a motion for personal service. The motion is based on the same directions originally provided so the motion is denied. Practically speaking the directions are inadequate because it is not the duty of possible defendants to ask when they clock in "has anyone sued anyone who looks like me today?" Nor is it the duty of counsel for the other defendants to act as a detective for plaintiff. The Marshal does not have the duty or even the power to search the prison's records to determine whether a thirty-something 5'3" Filipina was on duty on October 18, 2023.

Whether the plaintiff is counseled or *pro se*, it is the duty of the plaintiff to effect service, even when the Court directs that the Marshal carry out service of process. It is recognized that the federal rules, unlike those of many states, do not contemplate pre-complaint discovery. The rule of closest application, Fed.R.Civ.P. 27, has as its underlying purpose the **preservation** of evidence which would be unavailable otherwise, not the obtaining of evidence. Nevertheless, the federal rules have also been interpreted to allow John Doe defendants, using Fed.R.Civ.P. 21 after a reasonable period of discovery to eliminate unidentified or fictitious defendants. Blakeslee v. Clinton County, 336 Fed. Appx. 248, 250–51 (3d Cir. 2009). The key word is "reasonable." Here, it would be reasonable to allow Allison to propound discovery to Tate in an attempt to identify the Jane Doe he describes. Allison has tried to do that by letter to Tate. Now that counsel for Tate and Sollenberger has appeared Allison can send an appropriate discovery request to counsel.

I will hold off ruling on the motion to dismiss for a month or so because plaintiff has a permissible way of discovering Jane Doe's identity now that propounding discovery to Tate is permitted. Assuming Jane Doe exists, Allison can provide adequate directions to the Marshal for service and the Marshal will serve the amended complaint. It would be wasteful for this litigation to proceed piecemeal.

DATE: September 27, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Howard Scott Allison HV-7470
S.C.I. Waymart
P.O. Box 256
Route 6
Waymart, PA 18472