IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD SCOTT ALLISON, | : |
| Plaintiff | : |
| v. | : Case No. 3:24-cv-125-KAP |
| ABBIE TATE, WARDEN, BLAIR | : |
| COUNTY PRISON, *et al.*, | : |
| Defendants | : |

<u>Memorandum Order</u>

Plaintiff Howard Allison is an inmate who filed a complaint subject to the Prison Litigation Reform Act naming as defendants the warden of the Blair County Prison (Tate) Blair County's court administrator (Dunkle), and an indefinite number of unnamed defendants. On consent, I dismissed the complaint as to Dunkle and ordered Allison to file an amended complaint, which he did so at ECF no. 19. It named as defendants Tate, one John Doe corrections officer, and one Jane Doe medical care provider. John Doe was identified as Alex Sollenberger. After service, Tate and Sollenberger have filed a motion to dismiss, ECF no. 24, ECF no. 25, to which Allison has replied, ECF no. 27, ECF no. 28.

The Clerk shall amend the caption to replace John Doe with Alex Sollenberger.

Service has not yet been accomplished on Jane Doe, specifically described in ¶4 of the Amended Complaint as one individual, mentioned in various places as one individual, and alleged to have violated plaintiff's rights by the actions of one individual in ¶¶ 34-36. After permitted discovery to discover who Jane Doe (singular) is, see ECF no. 30, plaintiff believes Jane Doe can be identified as two individuals and wants to substitute them for Jane Doe, following the example of John Doe being replaced by Alex Sollenberger. ECF no. 32.

The motion at ECF no. 32 is denied because the analogy does not work. Plaintiff is required by Rule 8 to provide a defendant with a short plain statement of facts alleging a claim against that defendant. Plaintiff has not done that and cannot possibly have done that to at least one of the two proposed defendants. It is likely that plaintiff has a good idea which person took which actions, but defendants are entitled to have the allegations made clearly.

Plaintiff is given leave within a reasonable time to file a second amended complaint. The amendments should describe what allegations apply to each of the two proposed defendants.

Although plaintiff's allegations against defendants Tate and Sollenberger probably

1

will not be affected by allegations against the two proposed defendants to be added in the second amended complaint, I will again hold off ruling on the pending motion to dismiss because I expect that plaintiff can amend the complaint and the two proposed defendants can be served in short order. If they file any motions it would be better to handle them all at once.

DATE: October 22, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Howard Scott Allison HV-7470
S.C.I. Waymart
P.O. Box 256
Route 6
Waymart, PA 18472